UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER N. FORSHEY, D.M.D., M.D.,<br><br>Plaintiff,<br><br>v.<br><br>SOUND ORAL & MAXILLOFACIAL SURGERY, P.S., a Washington corporation; ROBERT TODD ERICKSON, DDS, and ANNE ERICKSON, and their marital community; and INTERMOUNTAIN EMPLOYMENT SOLUTIONS, INC., a Utah corporation d.b.a. ASCEND HR SOLUTIONS,<br><br>Defendants. | CASE NO. C06-5335RJB<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS SOUND ORAL & MAXILLOFACIAL SURGERY, P.S., ROBERT TODD ERICKSON, DDS, AND ANNE ERICKSON'S MOTION TO COMPEL PRODUCTION FROM NONPARTY |

This matter comes before the Court on Defendants Sound Oral & Maxillofacial Surgery, P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion to Compel Production From Nonparty (Dkt. 34-1). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jennifer N. Forshey is an oral surgeon who was hired by Sound Oral & Maxillofacial Surgery ("Sound Oral") in March of 2004. Dkt. 35 at 2. Defendant Robert Todd Erickson, co-owner of Sound Oral, was Dr. Forshey's direct supervisor. Dkt. 1 at 4. Dr. Forshey's employment with Sound Oral was terminated on August 19, 2004. Dkt. 1 at 2. The complaint alleges that the termination stemmed from Dr. Forshey's opposition to Dr. Erickson

ORDER
Page 1

1  permitting Michael Serrianne to administer anesthetics when he was in fact not licensed to do so.
2  *Id.* at 5. Dr. Forshey alleges that her termination constitutes wrongful discharge in violation of
3  public policy and breach of employment contract. *Id.* at 7.
4       On September 5, 2006, the defendants served Dr. Steven D. Sudbrink, who is not a party
5  to this case, with a subpoena duces tecum seeking employment records concerning Dr. Forshey.
6  Dkt. 35, Exh. G at 7. Dr. Forshey worked for Dr. Sudbrink after being terminated from Sound
7  Oral. *See* Dkt. 35-4. Counsel for Dr. Sudbrink objected on the grounds that the subpoena sought
8  privileged information and would cause undue burden or expense. Dkt. 35, Exh. H at 11. The
9  defendants sought, via facsimile, an authorization from the plaintiff allowing the discovery. Dkt.
10 35, Exh. I at 14. The plaintiff maintained that the discovery was not relevant and invited the
11 defendants to explain the relevance of the documents. Exh. J at 23.
12      The defendants now move for an order compelling production. Dkt. 34-1. The plaintiff
13 opposes the motion on the grounds that it seeks evidence that it inadmissible under Federal Rules
14 of Evidence 404 and 608 and that the request is overly broad. Dkt. 38. It does not appear that Dr.
15 Sudbrink has been served with the motion.

## **II. DISCUSSION**

17      Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding
18 any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26
19 (b)(1). Subpoenas are governed by Federal Rule 45:

>    (1) Every subpoena shall . . .
>         (C) command each person to whom it is directed to attend and give testimony or
>         to produce and permit inspection and copying of designated books, documents or
>         tangible things in the possession, custody or control of that person, or to permit
>         inspection of premises, at a time and place therein specified; . . . .

Fed. R. Civ. Pro. 45(a). If the person served with the subpoena objects to the production of
materials sought in the subpoena, the party seeking discovery may move to compel production.

>    [A] person commanded to produce and permit inspection and copying may . . . serve upon
>    the party or attorney designated in the subpoena written objection to inspection or copying
>    of any or all of the designated materials or of the premises. If objection is made, the party
>    serving the subpoena shall not be entitled to inspect and copy the materials or inspect the
>    premises except pursuant to an order of the court by which the subpoena was issued. If

ORDER
Page 2

objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

Fed. R. Civ. Pro. 45(c)(2)(B). Before moving to compel, parties should make a good faith effort to confer and resolve the dispute themselves. *See* Local Rule CR 37 (a)(2). Local Rule CR 37 defines a good faith effort to confer as "a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A). Here, it appears that there has been no attempt to confer as defined by Local Rule CR 37. Moreover, Dr. Sudbrink has not been afforded an opportunity to respond to the motion as he has not been served. The Court should therefore deny the motion without prejudice, allowing the parties to revisit the matter after having conferred.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants Sound Oral & Maxillofacial Surgery, P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion to Compel Production From Nonparty (Dkt. 34-1) is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of October, 2006.

Robert J Bryan
United States District Judge

ORDER
Page 3