1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER N. FORSHEY, D.M.D., M.D., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>SOUND ORAL & MAXILLOFACIAL SURGERY, P.S., a Washington corporation; ROBERT TODD ERICKSON, DDS, and ANNE ERICKSON, and their marital community; and INTERMOUNTAIN EMPLOYMENT SOLUTIONS, INC., a Utah corporation d.b.a. ASCEND HR SOLUTIONS, <br><br>　　　　　Defendants. | CASE NO. C06-5335RJB <br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTION FROM HARASSMENT IN HER WORKPLACE BY DEFENDANT |

This matter comes before the Court on Plaintiff's Motion for Protection From Harassment in Her Workplace by Defendant (Dkt. 54). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jennifer N. Forshey is an oral surgeon who was hired by Sound Oral & Maxillofacial Surgery ("Sound Oral") in March of 2004. Dkt. 35 at 2. Defendant Robert Todd Erickson, co-owner of Sound Oral, was Dr. Forshey's direct supervisor. Dkt. 1 at 4. Dr. Forshey's employment with Sound Oral was terminated on August 19, 2004. Dkt. 1 at 2. The complaint alleges that the termination stemmed from Dr. Forshey's opposition to Dr. Erickson

ORDER
Page 1

1   permitting Michael Serrianne to administer anesthetics when he was in fact not licensed to do so.

2   *Id.* at 5. Dr. Forshey alleges that her termination constitutes wrongful discharge in violation of

3   public policy and breach of employment contract. *Id.* at 7.

4       After being terminated from Sound Oral, Dr. Forshey took a position with Dr. Steven

5   Sudbrink and worked with Dr. Sudbrink in Pennsylvania from May 2005 through August 2006.

6   *Id.* at 3. During this time, Dr. Sudbrink received an anonymous letter that Dr. Forshey contends is

7   defamatory. *Id.,* Dkt. 55 at 2. Dr. Sudbrink's office also received at least three phone calls from

8   defendant Anne Erickson, and Dr. Forshey contends that these conversations were an attempt to

9   influence Dr. Forshey's then-employer Dr. Sudbrink. Dkt. 54-1 at 3, Dkt. 55, Exh. 1-2 (notes of

10  conversations).

11      Dr. Forshey is currently practicing with Mid-Maryland Oral Surgery in Frederick,

12  Maryland. Dkt. 54-1 at 2. Her employment with Mid-Maryland Oral Surgery began on September

13  5, 2006. *Id.* Mid-Maryland Oral received an anonymous letter on October 29, 2006, contending

14  that Dr. Forshey is suing a former practice, "causing a lot of grief," and "will have [Mid-Maryland

15  Oral Surgery's] staff threatening to resign." Dkt. 55, Exh. 4. Mid-Maryland Oral Surgery received

16  this letter a few days after plaintiff's counsel made discovery disclosures that identify her new

17  employer. Dkt. 55 at 2.

18      The plaintiff seeks a protective order preventing defendants and their counsel from

19  contacting any current or former employees of Mid-Maryland Oral Surgery but allowing

20  defendants' counsel to conduct formal discovery with regard to Mid-Maryland Oral Surgery as

21  provided by the Federal Rules of Civil Procedure. Dkt. 54. Counsel for both parties conferred in

22  person and were unable to agree to resolve this discovery dispute. Dkt. 55 at 1-2.

23      **II. DISCUSSION**

24  **A. PROTECTIVE ORDER**

25      Unless limited by court order, "[p]arties may obtain discovery regarding any matter, not

26  privileged, that is relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1). Federal

27  Rule 26 governs protective orders and provides the following:

28      Upon motion by a party . . . accompanied by a certification that the movant has in good

ORDER
Page 2

1  faith conferred or attempted to confer with other affected parties in an effort to resolve the
2  dispute without court action, and for good cause shown, the court in which the action is
   pending . . . may make any order which justice requires to protect a party or person from
3  annoyance, embarrassment, oppression, or undue burden or expense, including one or
   more of the following:

4         . . .

5         (2) that the disclosure or discovery may be had only on specified terms and
          conditions, including a designation of the time or place;
6

7  Fed. R. Civ. P. 26(c). The burden of demonstrating good cause lies with the party seeking the

8  protective order. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). If the party

9  succeeds in demonstrating that disclosure would result in particularized harm, public and private

10 interests must be weighed to determine whether a protective order is necessary. *Id.* at 1064-63.

11 While parties may agree among themselves to keep certain documents confidential, good cause

12 must be demonstrated if such an agreement is to be ratified by court order.

13        Here, the plaintiff contends that communications with present and former employees of

14 her current employer should be barred unless they occur within the formal discovery process

15 prescribed by the Federal Rules of Civil Procedure. The plaintiff fears that negative

16 communications from the defendants will jeopardize her employment and provides evidence

17 suggesting that such communications may have occurred. The defendants dispute the plaintiff's

18 contentions but stipulate to contacting Ms. Forshey's current employer only through formal

19 discovery methods. Dkt. 63 at 4. It is unfortunate that the parties could not stipulate to the

20 plaintiff's request without filing a motion.

21        Because the protective order sought by the plaintiff is very narrow in scope and would

22 likely not hamper the parties' ability to obtain discovery through proper channels, the motion

23 should be granted. Attorneys for all parties should advise their clients of the contents of this Order

24 and strongly encourage their compliance. In addition, the parties are instructed to meet and

25 confer, attempt to resolve discovery and other issues in good faith, and use conference calls to

26 chambers before filing further discovery motions.

27

28

ORDER
Page 3

**B. OTHER ALLEGATIONS**

Dr. Forshey alleges that defendants' conduct with regard to two former Sound Oral surgical assistants was improper and that defendants' counsel is threatening to file a baseless claim with the Drug Enforcement Agency and Washington State Department of Health. Dkt. 54-1 at 5, Dkt. 55, Exh. 5 (letter from defendants' counsel). The plaintiff contends that declarations signed by these witnesses contain errors and that these witnesses were misled by defendants' counsel. *Id.* at 6. The plaintiff does not appear to seek any relief in regard to this allegation, however.

Dr. Forshey also contends that defendants' counsel violated health care privacy laws in obtaining information concerning a former patient of Dr. Sudbrink. Dkt. 55 at 5. Again, the plaintiff does not appear to seek any relief in this regard.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Protection From Harassment in Her Workplace by Defendant (Dkt. 54) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of January, 2007.

Robert J. Bryan
United States District Judge