UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER N. FORSHEY, D.M.D., M.D., <br><br> Plaintiff, <br><br> v. <br><br> SOUND ORAL & MAXILLOFACIAL SURGERY, P.S., a Washington corporation; ROBERT TODD ERICKSON, DDS, and ANNE ERICKSON, and their marital community; and INTERMOUNTAIN EMPLOYMENT SOLUTIONS, INC., a Utah corporation d.b.a. ASCEND HR SOLUTIONS, <br><br> Defendants. | CASE NO. C06-5335RJB <br><br> ORDER DENYING WITHOUT PREJUDICE DEFENDANTS SOUND ORAL & MAXILLOFACIAL SURGERY, P.S., ROBERT TODD ERICKSON, DDS, AND ANNE ERICKSON'S MOTION FOR A PROTECTION ORDER |

This matter comes before the Court on Defendants Sound Oral & Maxillofacial Surgery, P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion for a Protection Order (Dkt. 75). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jennifer N. Forshey is an oral surgeon who was hired by Sound Oral & Maxillofacial Surgery ("Sound Oral") in March of 2004. Dkt. 35 at 2. Defendant Robert Todd Erickson, co-owner of Sound Oral, was Dr. Forshey's direct supervisor. Dkt. 1 at 4. Dr. Forshey's employment with Sound Oral was terminated on August 19, 2004. *Id.* at 2. The complaint alleges that the termination stemmed from Dr. Forshey's opposition to Dr. Erickson permitting Michael Serrianne to administer anesthetics when he was in fact not licensed to do so.

ORDER
Page 1

1  *Id.* at 5. Dr. Forshey alleges that her termination constitutes wrongful discharge in violation of
2  public policy and breach of employment contract. *Id.* at 7. Intermountain Employment Solutions,
3  Inc. was dismissed, and the moving defendants are the only defendants remaining in this matter.
4  *See* Dkt. 45.

5        The defendants contend that Dr. Forshey's employment was terminated for cause. Dkt. 75
6  at 2. To support this defense, the defendants have identified 119 patient charts allegedly
7  demonstrating that Dr. Forshey's care put Sound Oral patients at risk in a manner falling below
8  the standard of care. *Id.* at 2. The defendants provided redacted versions of these patient charts to
9  Dr. Forshey. *Id.* at 3. Dr. Forshey requested the redacted patient information so that she could
10 recall the details of the patients' cases. *See* Dkt. 76, Exh. 3 at 14 (letter requesting redacted
11 records).

12       The parties have stipulated to modify the Stipulated Protective Order entered on
13 December 7, 2006. Dkt. 74. The modification would allow a ten day notice period before any
14 contact by the plaintiff's counsel with patients or referring dentists. *Id.* at 12-13. The notice
15 period would afford the defendants time to seek a protective order. *Id*. This protective order
16 professes to be a modified version of an earlier protective order but fails to take into account the
17 parties' corrections to the original Stipulated Protective Order. *See* Dkt. 50 (Stipulated Protective
18 Order); Dkt 51 (Notice of Corrected Image/Document). It is unclear whether the addition of text
19 omitted in the corrected document was intentional. The Court has attempted to schedule a
20 telephone conference call with counsel for both parties to ensure that the modified protective
21 order in the electronic file is the correct version, but the attorneys have not responded to these
22 efforts. The Modified Stipulated Protective Order will remain in the file unsigned until the parties
23 advise the Court as to whether the Modified Stipulated Protective Order (Dkt. 74) is the correct
24 version.

25       On March 31, 2007, the plaintiff's counsel notified the defendants' counsel that the
26 plaintiff and her attorneys intended to contact patients and referring dentists. Dkt. 76, Exh. 6 at
27 21. The plaintiff's counsel was unable to or unwilling to identify which patients or dentists would
28 be contacted. Dkt. 76 at 3. Pursuant to the Modified Stipulated Protective Order, the defendants

seek a protective order prohibiting or prescribing such contact. Dkt. 75 at 3. Counsel for both parties conferred by telephone and were unable to agree to resolve this discovery dispute. Dkt. 75 at 2.

## II. DISCUSSION

Unless limited by court order, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1). Federal Rule 26 governs protective orders and provides the following:

> Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). The burden of demonstrating good cause lies with the party seeking the protective order. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). In this case, the defendants seek a protective order preventing Dr. Forshey and her attorneys from contacting Dr. Forshey's former patients or their referring dentists because the information sought is irrelevant, constitutes an invasion of privacy, and would damage the defendants' reputation. Dkt. 75 at 4-5, 6, 7. In the alternative, the defendants seek an order limiting or identifying the patients to be contacted and providing for a Court-approved letter to first alert the patients to basic information about the case and the parameters of contact by the doctors, their lawyers, or their experts. Dkt. 75 at 7.

### A. RELEVANCE

The defendants contend that contacting the patients is irrelevant because "there is no allegation that any of them w[as] harmed" and because "these patients and their charts are just some of the reason[s] that [the defendants] had for terminating [Dr. Forshey's] employment." Dkt. 75 at 5. To demonstrate that the plaintiff was terminated for cause, the defendants seek to compare the level of care provided by Dr. Forshey, as demonstrated by patient charts, with the legal standard of care. *See* Dkt. 75 at 2. Dr. Forshey seeks to interview these patients to determine whether the level of care she provided was sufficient despite alleged inadequacies in

ORDER
Page 3

1  patients' charts. Dkt. 77 at 6. As the plaintiff notes, the proffered justification for Dr. Forshey's
2  termination is not based solely upon the adequacy of Dr. Forshey's charting. Whether the care
3  actually provided to these patients exceeds what was recorded in the patient's charts is therefore
4  relevant, and the Court should decline to bar the plaintiffs' contact with patients on the grounds of
5  irrelevance.

6  **B. PRIVACY**

7  The defendants contend that a protective order is appropriate to protect patients from an
8  invasion of their privacy. Dkt. 75 at 6. The defendants' cited legal authority governs the release of
9  health care information, and the defendants fail to offer authority requiring limitation of contact
10 with patients after such information is legally disclosed. *See* 45 C.F.R. §164.512(e). While the
11 Court is sympathetic to concerns for the privacy of patients, the defendants fail to demonstrate
12 that such concerns outweigh the plaintiff's rights to seek relevant information to support her
13 claims.

14 **C. DAMAGE TO DEFENDANTS' REPUTATION**

15 The defendants also seek a protective order to "protect their business from efforts that will
16 undoubtedly have an impact." Dkt. 75 at 7. While the defendants' reputations may suffer as a
17 result of having to defend in this matter, the defendants again fail to demonstrate that such
18 concerns constitute "good cause" for limiting the plaintiff's contact with potential witnesses. Fed.
19 R. Civ. P. 26(c)**.**

20 **D. ADVANCE NOTICE TO PATIENTS**

21 The defendants also contend that "patients ought to be Declorded [sic] some advanced
22 notice that lawyers from either side may be calling them to discuss the particular facts of their
23 care" and that they have the right to refuse to participate in the case. Dkt. 75 at 5-6. Counsel for
24 both parties are bound by rules regarding ethics and professional conduct and, as in all cases,
25 should be courteous and respectful when contacting potential witnesses. The Court expects the
26 parties to adhere to these principles. If the parties fail to do so, justice may require judicial
27 intervention. At this juncture, intervention would be premature.

28 **E. CONCLUSION**

ORDER
Page 4

The defendants having failed to demonstrate that contacting Dr. Forshey's former patients would be improper, the Court should deny the motion without prejudice. The parties are reminded of the Court's instructions to meet and confer, attempt to resolve discovery and other issues in good faith, and use conference calls to chambers before filing further discovery motions. Dkt. 70 at 3.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants Sound Oral & Maxillofacial Surgery, P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion for a Protection Order (Dkt. 75) is **DENIED without prejudice**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of April, 2007.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge