UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER N. FORSHEY, D.M.D., M.D.,<br><br>         Plaintiff,<br><br>  v.<br><br>SOUND ORAL & MAXILLOFACIAL SURGERY, P.S., a Washington corporation; ROBERT TODD ERICKSON, DDS, and ANNE ERICKSON, and their marital community; and INTERMOUNTAIN EMPLOYMENT SOLUTIONS, INC., a Utah corporation d.b.a. ASCEND HR SOLUTIONS,<br><br>         Defendants. | CASE NO. C06-5335RJB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PROTECTION ORDER FOR ERICKSONS MAY 7TH AND 8TH DEPOSITIONS |

  This matter comes before the Court on the Defendants' Motion for Protection Order for Ericksons May 7th and 8th Depositions (Dkt. 82). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiff Jennifer N. Forshey is an oral surgeon who was hired by Sound Oral & Maxillofacial Surgery ("Sound Oral") in March of 2004. Dkt. 35 at 2. Defendant Dr. Robert

ORDER

Page 1

Todd Erickson, co-owner of Sound Oral, was Dr. Forshey's direct supervisor. Dkt. 1 at 4. Dr. Forshey's employment with Sound Oral was terminated on August 19, 2004. *Id.* at 2. The complaint alleges that the termination stemmed from Dr. Forshey's opposition to Dr. Erickson permitting Michael Serrianne to administer anesthetics when he was in fact not licensed to do so. *Id.* at 5. Dr. Forshey alleges that her termination constitutes wrongful discharge in violation of public policy and breach of employment contract. *Id.* at 7. Intermountain Employment Solutions, Inc. was dismissed, and the moving defendants are the only defendants remaining in this matter. *See* Dkt. 45.

On June 11, 2005, Dr. Forshey filed a complaint with the Washington State Department of Health seeking investigation of Dr. Erickson and Sound Oral for allegedly permitting Michael Serrianne to administer anesthesia without a license. Dkt. 83-3, Exh. 7 at 19. The defendants contend that Dr. Forshey improperly threatened to file the Department of Health complaint if her settlement demands were not met. Dkt. 82 at 9 n.7.

The defendants have retained Dr. O. Ross Beirne, DMD, Ph.D, to testify both in this case and in the Department of Health's investigation of Dr. Forshey's complaint. Dkt. 82 at 2 n.1. Dr. Beirne was deposed on March 27, 2007, in the Department of Health matter, and counsel for the plaintiff attended the deposition. Dkt. 83-4, Exh. 9. The defendants contend that the presence of the plaintiff's counsel disrupted Dr. Beirne's deposition. Dkt. 82 at 5. The defendants seek a protective order because they are concerned that the presence of persons associated with the Department of Health matter but not involved in this case will serve only to annoy, embarrass, or harass Dr. and Mrs. Erickson. Dkt. 82 at 9.

The Motion is noted for consideration on May 4, 2007, and the depositions are scheduled for May 7 and 8. Dkt. 82 at 1. The Court is aware of the short period of time between the date on which the Motion became ripe and the dates on which the depositions are to take place. The Court is also aware of the plaintiff's opposition to delaying the depositions and has endeavored to provide the parties a ruling as quickly as practicable. It is unfortunate that the parties were unable to resolve this discovery dispute without requiring intervention from the Court.

## II. DISCUSSION

Unless limited by court order, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1). Federal Rule 26 governs protective orders and provides the following:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . .
>
> (5) that discovery be conducted with no one present except persons designated by the court;

Fed. R. Civ. P. 26(c). The burden of demonstrating good cause lies with the party seeking the protective order. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

The defendants seek a protective order "limiting the attendees at Dr. and Mrs. Erickson's depositions to the parties, their attorneys, and their staff." Dkt. 82 at 10. Counsel for the

ORDER

Page 3

defendants conferred with the plaintiff's counsel and with counsel prosecuting the Department of Health matter before bringing this motion. Dkt. 83 at 3-4.

The plaintiff opposes the motion on the grounds that the relief sought is "extraordinary," and cites a case in which a party was excluded from attending a deposition. Dkt. 85 at 3-4; *see Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). The defendants do not seek to exclude any parties to this case.

While the plaintiff does not contend that granting the motion would be prejudicial or would negatively impact the deposition, the defendants fail to offer particularized evidence that the presence of non-parties would result in annoyance, embarrassment, or harassment and fail to otherwise demonstrate "good cause" for issuing a protective order. The Court notes that the interests of persons involved in the Department of Health matter, persons who have not appeared in this case, but filed a declaration (Dkt. 86), would likely not be prejudiced by exclusion from the depositions because the depositions will be videotaped. A mere lack of prejudice to the plaintiff or to non-parties who wish to attend the deposition is insufficient to justify a protective order. The Court should therefore decline to issue a protective order, allowing the parties to seek redress if the presence of non-parties at the Ericksons' depositions proves disruptive.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Defendants' Motion for Protection Order for Ericksons May 7th and 8th Depositions (Dkt. 82) is **DENIED**.

1

2
      The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

3
of record and to any party appearing pro se at said party's last known address.

4
      Dated this 7th day of May, 2007.

5

6

7
                                   Robert J. Bryan
                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER

Page 5