1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

AT TACOMA

10

JENNIFER N. FORSHEY, D.M.D., M.D.,

11

Plaintiff,

CASE NO. C06-5335RJB

12

v.

ORDER ON MOTIONS FOR
RECONSIDERATION

13

SOMS, Inc., P.S., a Washington corporation;
ROBERT TODD ERICKSON, DDS, and

14

ANNE ERICKSON, and their marital
community,

15

16

Defendants.

17

SOMS, Inc., P.S., a Washington corporation;
ROBERT TODD ERICKSON, DDS, and
ANNE ERICKSON, and their marital

18

community,

19

Counter Claimants,

20

v.

21

JENNIFER N. FORSHEY, D.M.D., M.D.,

22

Counter Defendant.

23

24

  This matter comes before the Court on the plaintiff's Request for Reconsideration of

25

Order Denying in Part Summary Judgment on Contract Claims and Counterclaims (Dkt. 162) and

26

Defendant SOMS, Inc., P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion for

27

Reconsideration (Dkt. 163). The Court has considered the motions and the file herein.

28

ORDER
Page 1

# I. PROCEDURAL BACKGROUND

On July 24, 2007, the Court ruled on two motions for partial summary judgment filed by the plaintiff. The Court granted the Plaintiff's Motion for Summary Judgment on Contract Claims (Dkt. 92) only as to the bonus compensation and double damages owed to Dr. Forshey under the Associate Agreement. Dkt.160 at 13. The Court granted the Plaintiff's Motion for Summary Judgment on Counterclaims (Dkt. 93) as to the counterclaim for tortious interference with business expectations and granted in part and denied in part the motion as to the counterclaim for breach of contract. *Id.* at 14. The Court also ruled on several motions to strike materials accompanying the defendants' response. *Id.*

Both parties have moved for reconsideration of that Order. Dkt. 162; Dkt. 163.

# II. STANDARD

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

# III. DISCUSSION

Dr. Forshey seeks reconsideration of the Court's ruling denying summary judgment for Dr. Forshey on her breach of contract claim "[b]ecause it is not yet clear whether Dr. Forshey's termination was based upon violation of policies, standards, or regulations" and because "Dr. Forshey offer[ed] no legal authority for applying the higher 'just cause' standard to the 'for cause' provision in the Associate Agreement." Dkt. 162 at 1-2. Dr. Forshey also seeks reconsideration of the portion of the Order denying summary judgment on the defendants' counterclaim for inadequate marketing efforts. *Id.* at 2.

The defendants seek reconsideration of the ruling that Dr. Forshey is entitled to additional compensation under the Associate Agreement. Dkt. 163 at 1.

## A. BREACH OF CONTRACT

Dr. Forshey asserts two errors with respect to the Court's ruling on the Plaintiff's Motion for Summary Judgment on Contract Claims (Dkt. 92). Dkt. 162 at 1-2.

First, Dr. Forshey contends that the Court committed manifest error in not ruling "whether the alleged reasons for termination fall under ¶13(iv) or (viii)." Dkt. 162 at 3. Dr. Forshey contends that if Dr. Forshey's termination falls under both sections of the Associate Agreement, there is an ambiguity that should be construed against the drafter and in favor of Dr. Forshey's interpretation. *Id.* at 3-4. Terminations under ¶13(iv) are for failure or refusal to comply with policies, standards or regulations of the employer. Such terminations require "reasonable notice" prior to termination. Dkt. 95, Exh. A at 7. Terminations under ¶13(viii) are simply "for cause." *Id.*

The Court's ruling on this point is as follows:

> It is not clear whether these justifications for Dr. Forshey's termination relate to "policies, standards or regulations of the Employer from time to time established" and therefore fall under the contract provision requiring notice. Dkt. 95, Exh. A at 7; see also Dkt. 151 at 14 (response admitting that no policy manual governed Dr. Forshey's alleged behavioral issues); Dkt. 152-4, Exh. 16 at 26-27 (Dr. Erickson describing PT/INR testing as "protocol"); Dkt. 153 at 5 (giving away care is not in compliance with the procedures of the practice); Dkt. 95, Exh. A at 3 (paragraph 3.2 of the contract requires prior written consent for the performance of surgery or dental services for the benefit of any other person or entity); Dkt. 95, Exh. A at 3 (paragraph 3.3 of the contract governs the performance of "administrative and marketing duties"); Dkt. 95, Exh. A at 6 (paragraph 12.1.1, a "restrictive covenant," prohibits rendering services to any patients of the practice to or for the benefit of the employee or any other person or entity). Because it is not yet clear whether Dr. Forshey's termination was based upon violation of policies, standards, or regulations, the Court cannot yet determine whether Dr. Forshey was entitled to "reasonable notice" prior to her termination.

Dkt. 160 at 6. The Court did not hold that Dr. Forshey's termination could fall under both ¶13(iv) and ¶13(viii). Rather, the Court held that it was not yet clear what policies, standards, or regulations Dr. Forshey violated, if any. As such, the Court could not yet rule whether Dr. Forshey's termination was under the provision requiring reasonable notice prior to termination. The Court's ruling was not in error.

Second, Dr. Forshey contends that the Court committed manifest error by not applying the standard for "just cause" termination to the provision of the Associate Agreement allowing termination only "for cause." *Id.* at 5-6. In their briefing to the Court, both parties relied on *Baldwin v. Sisters of Providence in Washington, Inc.*, 112 Wn.2d 127, 139 (1989), for the

1    definition of "just cause." Dkt. 92 at 21; Dkt. 151 at 26. Neither party offered authority for

2    applying the *Baldwin* definition of "just cause" to the contract provision providing for termination

3    "for cause." *See* Dkt. 92 at 21-22; Dkt. 151 at 26. In their response, the defendants alleged that

4    Dr. Forshey's termination was supported by "cause." Dkt. 151 at 1, 2, 15, 21, 24-28. The Court

5    declined to analyze Dr. Forshey's termination, which was allegedly effected pursuant to the "for

6    cause" provision of employment contract, under the "just cause" standard:

7            Dr. Forshey next contends that her termination does not comport with the standards of
             "just cause" under Washington law. The Associate Agreement does not define "cause."
8            Washington Courts have defined "just cause":
                     "[J]ust cause" is a fair and honest cause or reason, regulated by good faith on the
9                    part of the party exercising the power. We further hold a discharge for "just cause"
                     is one which is not for any arbitrary, capricious, or illegal reason and which is one
10                   based on facts (1) supported by substantial evidence and (2) reasonably believed by
                     the employer to be true.
11           *Baldwin v. Sisters of Providence in Washington, Inc.*, 112 Wn.2d 127, 139 (1989). "Just
             cause" and "for cause" are different legal standards, and "just cause" affords employees
12           more rights. *See Civil Service Com'n of City of Kelso v. City of Kelso*, 137 Wn.2d 166,
             174-76 (1999). Dr. Forshey offers no legal authority for applying the higher "just cause"
13           standard to the "for cause" provision in the Associate Agreement.

14   Dkt. 160 at 5. Dr. Forshey contends that the Court cited *Civil Service Com'n of City of Kelso v.*

15   *City of Kelso*, 137 Wn.2d 166, 174-76 (1999), in error because that case discussed the term "just

16   cause" in the context of a labor dispute. Dkt. 162 at 5. Analogizing this case to *Kelso* for the

17   proposition that "just cause" contemplates a higher standard than "for cause" does not constitute

18   manifest error.

19           In moving for reconsideration, Dr. Forshey does not offer legal authority for the notion that

20   "just cause" and "for cause" are synonymous but contends that the employment contract contains a

21   requirement of just cause and good faith because the contract "limits the reasons and permissible

22   bases for termination" and because all contracts contain a duty of good faith and fair dealing. Dkt.

23   162 at 5-6; *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn2d 426, 438 (1991) ("Although

24   *Baldwin* and *Simpson* both dealt with contracts which used the general term "just cause", we

25   believe a similar standard should be applied where the contract provides specific grounds for

26   dismissal."). The Court previously identified several of the defendants' bases, supported by the

27   factual record, for terminating Dr. Forshey:

28           The defendants allege several justifications for Dr. Forshey's termination, including the

ORDER
Page 4

1    following: Dr. Forshey's behavior during the last weeks of her employment (Dkt. 152-2,

2    Exh. 2; Dkt. 156, Exh. 1); Dr. Forshey's breaking of "elevators" used to extract teeth (Dkt.
152-4, Exh. 16 at 19, 24, 28; *see* Dkt. 152-5, Exh. 19 at 3); Dr. Forshey's failure to

3    document whether patients on anti-coagulation therapy had received recent PT/INR tests
(*See* Dkt. 152-2, Exh. 1 at 7-8; Dkt. 152-4, Exh. 16 at 26-27); Dr. Forshey's failure to

    engage in marketing activities on her day off as promised (Dkt. 155 at 2); and downcoding

4    (undercharging) or giving away services (Dkt. 153 at 5).

5    Dkt. 160 at 5-6. This evidence is sufficient to raise genuine issues of material fact for the trier of

6    fact to resolve at trial. *See Lund v. Grant County Public Hosp. Dist. No. 2*, 85 Wn. App. 223,228-

7    29 (1997) ("In a wrongful termination case, whether an employer properly determined it had just

8    cause for termination is a question for the trier of fact."). Denying summary judgment as to Dr.

9    Forshey's breach of contract claim does not constitute manifest error.

10    **B. BREACH OF CONTRACT COUNTERCLAIM**

11         Dr. Forshey contends that the Court committed manifest error in denying summary

12    judgment on the Defendant's counterclaim for breach of contract regarding Dr. Forshey's

13    marketing efforts. Dkt. 162 at 6-8.

14         First, Dr. Forshey reiterates that summary judgment is proper because the defendants failed

15    to articulate the damages associated with Dr. Forshey's allegedly deficient marketing. Dkt. 162 at

16    7; *see* Fed. R. Civ. P. 26(a)(1)(c) (initial disclosures must include "a computation of any category

17    of damages claimed by the disclosing party"). The Court held that the defendants' alleged lack of

18    disclosure of the damages associated with this particular aspect of their counterclaim for breach of

19    contract "fails to establish that there are no damages associated with the counterclaims." Dkt. 160

20    at 8. In other words, the Court declined to rule as a matter of law that allegedly poor marketing

21    efforts inherently do not result in damages. The Court also declined to address the sufficiency of

22    the defendants' discovery because the issue was not before the Court:

23         Dr. Forshey alleges that the defendants' discovery has been inadequate in several respects.
*See, e.g.*, Dkt. 93 at 1-3, 10-12, 14-15. The deadlines for discovery and motions

24         concerning discovery have passed, and the timeliness of the defendants' discovery
responses is not properly before the Court. *See* Dkt. 73. While the plaintiff contends that

25         dismissal or sanctions may be appropriate, the plaintiff has not moved for such relief.
Furthermore, it does not appear that sanctions or dismissal is warranted.

26

27    Dkt. 160 at 8. The Court's refusal to grant summary judgment on the grounds that the defendants'

28    initial disclosures were inadequate does not constitute manifest error.

1    Second, Dr. Forshey contends that there are no genuine issues of material fact as to the

2 sufficiency of her marketing efforts. Dkt. 162 at 7. The Court declined to grant summary judgment

3 because "there are several material issues of fact that must be resolved by the finder of fact at trial,

4 including the true nature and extent of Dr. Forshey's marketing effort." Dkt. 162 at 6-7. There is

5 conflicting evidence before the Court regarding Dr. Forshey's marketing activities. Dkt. 141, Exh.

6 XX at 6, 10 ("record month" expected); Dkt. 146, Exh. SS at 30 (referrals increasing); Dkt. 155 at

7 2) (Dr. Forshey's failure to engage in marketing activities on her day off as promised.); Dkt. 145,

8 Exh. TT at 14 (inadequate number of referrals from new dentists);  Dkt. 152-3, Exh. 9 at 15 (Dr.

9 Forshey was defensive and made excuses about her marketing efforts). The nature, extent, and

10 successfulness of Dr. Forshey's marketing activities are issues for the trier of fact to resolve at

11 trial.

12    Finally, Dr. Forshey contends that "the Court must have considered evidence which it

13 struck for lack of foundation." Dkt. 162 at 9. Specifically, the plaintiff contends that the only

14 evidence of Dr. Forshey's inappropriate behavior predates Dr. Forshey's termination and that the

15 evidence that Dr. Forshey misbehaved on the date of her termination was stricken. *Id.* at 8-9; Dkt.

16 160 at 10. The Court did not consider stricken evidence when deciding the plaintiff's motions.

17 DKt. 160 at 9 ("The Court has not considered the stricken materials in deciding the Motions for

18 Summary Judgment."). The nature and persuasiveness of Dr. Forshey's behavior in the weeks

19 preceding her termination are issues for the jury to consider. *See* Dkt. 152-2, Exh. 2; Dkt. 156,

20 Exh. 1.

21 **C. BONUS COMPENSATION**

22    The defendants seek reconsideration of the portion of the Court's Order granting summary

23 judgment owed to the plaintiff under the Associate Agreement. Dkt. 163. The plaintiff should be

24 afforded an opportunity to respond:

25    (3) Response. No response to a motion for reconsideration shall be filed unless requested
      by the court. No motion for reconsideration will be granted without such a request. The
26    request will set a time when the response is due, and may limit briefing to particular
      issues or points raised by the motion, may authorize a reply, and may prescribe page
27    limitations.

28

1  Local Rule CR 7(h)(3). Accordingly, the plaintiff's response is due August 10, 2007, the

2  defendants' reply is due August 16, 2007, and the motion (Dkt. 163) is re-noted for August 17,

3  2007.

## IV. ORDER

5  Therefore, it is hereby

6  **ORDERED** the plaintiff's Request for Reconsideration of Order Denying in Part Summary

7  Judgment on Contract Claims and Counterclaims (Dkt. 162) is **DENIED**, and Defendant SOMS,

8  Inc., P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion for Reconsideration (Dkt.

9  163) is **RE-NOTED** for August 17, 2007.

10  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

11  of record and to any party appearing pro se at said party's last known address.

12  DATED this 3rd day of August, 2007.

ROBERT J. BRYAN
United States District Judge