UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER N. FORSHEY, D.M.D., M.D., <br><br> Plaintiff, <br><br> v. <br><br> SOMS, Inc., P.S., a Washington corporation; ROBERT TODD ERICKSON, DDS, and ANNE ERICKSON, and their marital community, <br><br> Defendants. | CASE NO. C06-5335RJB <br><br> ORDER GRANTING MOTION FOR RECONSIDERATION |
| SOMS, Inc., P.S., a Washington corporation; ROBERT TODD ERICKSON, DDS, and ANNE ERICKSON, and their marital community, <br><br> Counter Claimants, <br><br> v. <br><br> JENNIFER N. FORSHEY, D.M.D., M.D., <br><br> Counter Defendant. | |

This matter comes before the Court on Defendant SOMS, Inc., P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion for Reconsideration (Dkt. 163). The Court has considered pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

ORDER
Page 1

## I. PROCEDURAL BACKGROUND

On July 24, 2007, the Court ruled on two motions for partial summary judgment filed by the plaintiff. The Court granted the Plaintiff's Motion for Summary Judgment on Contract Claims (Dkt. 92) only as to the bonus compensation and double damages owed to Dr. Forshey under the Associate Agreement. Dkt.160 at 13. The Court granted the Plaintiff's Motion for Summary Judgment on Counterclaims (Dkt. 93) as to the counterclaim for tortious interference with business expectations and granted in part and denied in part the motion as to the counterclaim for breach of contract. *Id.* at 14.

Both parties moved for reconsideration of that Order. Dkt. 162; Dkt. 163. The Court denied the plaintiff's motion and re-noted the defendants' motion for consideration on August 17, 2007. Dkt. 164.

## II. STANDARD

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

## III. DISCUSSION

The defendants seek reconsideration of the portion of the Court's Order granting summary judgment as to the bonus compensation owed to the plaintiff under the Associate Agreement. Dkt. 163. The defendants contend that the Court committed manifest error by finding that the failure to pay Dr. Forshey bonus compensation under the Associate Agreement was willful because there are issues of fact as to whether Dr. Forshey was terminated for cause and breached her contract and because the defendants' offer of a severance offer on the day of the termination demonstrates good faith and that withholding the bonus compensation was not "willful" under RCW 49.52.070. Dkt. 163 at 1-2.

The Associate Agreement's provisions regarding bonus compensation are as follows:

4. 1  In consideration of and as full and total compensation for all services, the Employer shall pay to the Employee during the Term a base salary of One Hundred Fifty Thousand Dollars ($150,000.00) (the "Base Salary"). In addition to the Base Salary, the Employer shall pay the Employee additional compensation (the "Additional Compensation") at the end of each calendar year equal to twenty percent (20%) of all adjusted collections for the calendar year. During calendar year 2004, the $600,000.00 threshold will be prorated based on the actual number of weeks the Associate works for the Employer in 2004. Base Salary and Additional Compensation shall hereafter be collectively referred to as "Compensation."

4.2  To the extent that the Employee qualifies for any profit sharing or retirement plan of the Employer, all contributions by the Employer to any such plan on behalf of the Employee shall be included within and deducted from the Compensation.

4.3  Notwithstanding anything to the contrary contained in this Agreement, no Compensation shall be paid in respect of any period subsequent to the termination of this Agreement for any reason whatsoever, provided the Employee shall be paid the Compensation due for all periods prior to such termination. Payment of Compensation shall be subject to the customary withholding tax and other employment taxes as required with respect to compensation paid by a corporation to an employee. Except upon breach of this Agreement by the Employee, upon and after termination of the Employee's employment under this Agreement, the Employee shall receive all Compensation for the Services.

4.4  The Employer agrees to provide the Employee with a reconciliation of the determination of the Compensation upon request.

Dkt. 95, Exh. A at 3.

The Court's ruling as to the bonus compensation owed to Dr. Forshey is as follows:

In 2004, Dr. Forshey worked 24.7 weeks. Dkt. 94 at 2. The collections threshold, prorated to account for the number of weeks Dr. Forshey actually worked, is $285,000. *Id.* Dr. Forshey's collections of $316,476.47 exceeded the prorated collections threshold by $31,476.47. *Id*; Dkt. 107, Exh. N at 3. Dr. Forshey alleges that she is entitled to 20% of this amount, or $6,295.29. Dkt. 92 at 9.

Dr. Forshey also contends that she is entitled to double damages for the withheld bonus compensation. RCW 49.52.050(2) makes it a misdemeanor for an employer to "[w]ilfully and with intent to deprive the employee of any part of his wages, [] pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.050(2). As a civil penalty for such a violation, employers are liable for "twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees." under RCW 49.52.070. This statute is construed liberally. *Flower v. T.R.A. Industries, Inc.*, 127 Wn. App. 13, 35 (2005), *rev. denied*, 156 Wn.2d 1030 (2006). By providing for costs and attorney fees, this statute provides an effective mechanism for recovery even where the wages wrongfully withheld may be small. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 159 (1998).

The critical determination in a case under RCW 49.52.070 for double damages is

ORDER
Page 3

> whether the employer's failure to pay wages was "willful." *Id*. There are two instances when an employer's failure to pay wages is not deemed willful: (1) the employer's failure to pay was careless or (2) there was a "bona fide" dispute between the employer and the employee regarding the payment of wages. *Id*. at 160. The question of whether an employer acts "willfully" for purposes of RCW 49.52.070 is a question of fact but may be decided as a matter of law if there is no dispute as to the material facts. *Id*.
>
> In this case, the response does not address Dr. Forshey's claim that her wages were willfully withheld in violation of the Associate Agreement. Dr. Forshey's showing is sufficient, and the wages at issue were earned before the termination. The defendants have therefore failed to create a genuine issue of material fact. The Court should grant the Plaintiff's Motion for Summary Judgment on Contract Claims as to the bonus compensation and double damages owed to Dr. Forshey under the Associate Agreement.

Dkt. 160 at 6-7. The Court also held that genuine issues of material fact precluded summary judgment on the defendants' counterclaim for breach of contract.

> Dr. Forshey seeks summary judgment on several aspects of the defendants' breach of contract counterclaim, showing that her failure to disclose a malpractice suit naming her as a defendant and delay in acquiring a Washington General Anesthesia permit do not constitute breaches of the Associate Agreement. Dr. Forshey demonstrates that there is no material issue of fact surrounding these aspects of the defendants' breach of contract counterclaim. The defendants fail to respond to this showing, and summary judgment is therefore appropriate on these aspects of the defendants' breach of contract counterclaim.
>
> Dr. Forshey also contends that her allegedly inadequate marketing and undercharging for services do not constitute breaches of the employment contract. As to these aspects of the defendants' breach of contract counterclaim, there are several material issues of fact that must be resolved by the finder of fact at trial, including the true nature and extent of Dr. Forshey's marketing effort and whether Dr. Forshey gave away care or undercharged for care in order to benefit her employer or another entity. The Court should therefore deny the Motion for Summary Judgment on Counterclaims in these respects.

Dkt. 160 at 8.

The defendants do not dispute the fact that the response was silent as to whether Dr. Forshey was entitled to bonus compensation. The defendants explain this omission as follows: "In light of an issue of material fact regarding Dr. Forshey's breach of the contract and the fact that she rejected a substantial severance offer, the defendants did not believe that the Court needed additional argument under these two points." Dkt. 163 at 3.

In response to Dr. Forshey's motions, the defendants professedly terminated Dr. Forshey's employment "for cause" under Section 13(viii) of the Associate Agreement and not for breach under Section 13(i). The defendants now contend that, at the time of Dr.

Forshey's termination, the defendants believed Dr. Forshey was in breach of the Associate Agreement and was therefore not entitled to payment of bonus compensation such that there was a bona fide dispute as to the payment of the compensation. Dkt. 163 at 4.

The defendants also contend that their offer of a severance payment demonstrates that any withholding of wages was not willful. Dkt. 171 at 2. The severance agreement offered to Dr. Forshey provided, in part, as follows:

> Forshey agrees that the severance sum set forth above is an amount to which she has no legal entitlement or is the product of compromise of disputed claims and is therefore a sum to which Forshey would not be entitled had she not entered into this Agreement. Forshey agrees that she is not entitled to any other payments other than those set forth in Sections 1 and 2, including but not limited to payments relating to accrued and unpaid vacation (or paid time off), bonus amounts, or business incentives discussed in the Associate Agreement (including all amounts accrued prior to the date of this Agreement or accruing subsequent to the date of this Agreement).

Dkt. 155, Exh. 3 at 13.

From the language of the severance agreement and evidence demonstrating the defendants' concerns with Dr. Forshey's marketing efforts before she was terminated, a reasonable juror could infer that there was a bona fide dispute between the parties as to whether Dr. Forshey was entitled to receive bonus compensation. The Court should therefore grant the defendants' Motion for Reconsideration as follows: Whether the defendants willfully withheld bonus compensation from Dr. Forshey in violation of RCW 49.52.070 depends upon issues of fact that must be resolved at trial. The defendants having failed to demonstrate otherwise, the amount of bonus compensation withheld is $6,295.29.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant SOMS, Inc., P.S., Robert Todd Erickson, DDS, and Anne Erickson's Motion for Reconsideration (Dkt. 163) is **GRANTED** and the Order (Dkt. 160) is **AMENDED** as provided herein.

1   The Clerk of the Court is instructed to send uncertified copies of this Order to all
2   counsel of record and to any party appearing pro se at said party's last known address.
3   DATED this 17th day of August, 2007.

                                                 */s/ Robert J. Bryan*
                                            ROBERT J. BRYAN
                                            United States District Judge